191 N.J. Super. 486 (1983)
467 A.2d 803
IN THE MATTER OF THE ESTATE OF SIDNEY SLOTKIN, DECEASED.
Superior Court of New Jersey, Appellate Division.
Decided October 17, 1983.
Before Judges FRITZ and FURMAN.
M. Gene Haeberle argued the cause for appellant, Esther Yellin Slotkin.
No brief was filed on behalf of respondents.
The opinion of the court was delivered by FURMAN, J.A.D.
*487 Appeal is brought by Esther Yellin Slotkin, decedent's widow, from an order disqualifying her from serving as co-trustee under a trust agreement executed by decedent in 1975. The trust agreement provided that at decedent's death the corpus would be divided into two trusts, both for appellant's benefit for life if she survived him. Appellant did not qualify as co-trustee during decedent's lifetime. In this proceeding, she has represented that she was unaware of her designation as co-trustee until decedent's death in 1980.
About one month after decedent's death the designated co-trustee bank, which was dissolving its trust department, filed a complaint for its discharge as co-executor under the will and co-trustee under the trust agreement and for appointment of a substitute executor and a substitute trustee. Letters testamentary as co-executor had been issued to appellant. In her answer, counterclaim and crossclaim, appellant sought reformation of the trust agreement to strike her designation as co-trustee, alleging that she had never accepted the designation and that it was an "inadvertence," and urging in her accompanying affidavit that James A. Perrin, Esq., be appointed as "personal co-trustee". The trial court appointed the Bank of New Jersey as substitute executor and substitute trustee. Upon the trial court's declining to appoint Perrin, appellant communicated through her attorney that she "had rethought her position respecting appointment as co-trustee." In its subsequent oral opinion denying appellant appointment as co-trustee, the trial court stated:
In this particular case, Mrs. Slotkin did renounce. When she realized that she would not be able to nominate or dictate who her successor would be, she then said that she would no longer renounce. She, as a beneficiary of the estate, doesn't have the right to name a trustee and she, in attempting to do so, placed herself in a position where, after renouncing, she was no longer able to change her position to convince this court to permit her to then later qualify as trustee.
This court has previously appointed the Bank of New Jersey as a substituted corporate trustee pursuant to this court's order. This court sees no reason whatsoever wherein this trust would be impaired, wherein this trust would be in any way injured, wherein any of the beneficiaries, including Mrs. Slotkin or *488 the  those represented by Mr. Tartar; that is, the beneficiaries of Trust B, would be in any way injured by the failure to appoint a further trustee.
No question of marital tax deduction or other tax consequences is involved on this appeal. The trial court stated the conclusion that, if appellant qualified and served as co-trustee of Trust B, the remaindermen of which are the decedent's children by a prior marriage, Trust B, according to its terms, would not be includable in appellant's taxable estate at her death.
The narrow issue is whether a designated co-trustee, never having qualified and having formally renounced appointment, has a right to revoke her renunciation and to an order of appointment, under the circumstance that another co-trustee has qualified, assumed custody over the trust res and undertaken the trust duties and obligations.
We are cited no direct authority in support of appellant's argument that she had such a right. Restatement, Trusts 2d, § 102 (1959) is to the contrary:
(3) In the case of a trust created by a transfer inter vivos if a trustee has disclaimed he cannot thereafter accept; in the case of a testamentary trust a trustee who has disclaimed can thereafter accept, but only by permission of the court.
....
e. Withdrawal of disclaimer. If a property is transferred to a person inter vivos and he disclaims, the title to the property revests in the transferor, and the transferee cannot thereafter by acceptance vest the title in himself. If, however, the trust is a testamentary trust in course of administration by a court, the court may allow him to withdraw his disclaimer. The court will not allow such withdrawal if it would be prejudicial to the interests of the beneficiaries.
We conclude that the trial court did not err as a matter of law in barring appellant's appointment as co-trustee but, rather, exercised its discretion soundly on the record before it, including appellant's formal renunciation of her co-trusteeship, the qualification of the Bank of New Jersey as trustee, the absence of any apparent prejudice to any trust beneficiary and the request by appellant, contrary to trust law, that she designate her successor co-trustee.
We affirm.